**Mildred JOHNSON, Plaintiff,**

v.

**WOMEN'S CHRISTIAN ALLIANCE, Defendant.**

**No. CIV. A. 98–4869.**

United States District Court, E.D. Pennsylvania.

Nov. 29, 1999.

---

Mildred Johnson, Philadelphia, PA, for Plaintiff.

Adrian J. Moody, Moody and Anderson, P.C., Philadelphia, PA, for Defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Pro se plaintiff, Mildred Johnson (plaintiff), brought this employment discrimination action against the Women's Christian Alliance (defendant or WCA), alleging that defendant discriminated against her because of her age by demoting her from a supervising position to a non-supervising job. Defendant contends that plaintiff was reassigned to another position as part of a company-wide reorganization, and not because of her age. The case is before the court on defendant's motion for summary judgment. The issue in this case is the seldom explored question of the adequacy of the defendant's asserted legitimate, non-discriminatory reason for an adverse employment action under the *McDonnell Douglas* burden shifting mode of analysis. Because the court finds that the reason stated by WCA is not sufficiently clear and reasonably specific to afford plaintiff a full and fair opportunity to demonstrate pretext, the motion will be denied.

## I. FACTS

The following facts are uncontested or viewed in the light most favorable to plaintiff. Defendant hired plaintiff as a social worker in its foster care unit in 1988. (Def.'s Mem., Ex. A, pp. 13–14). Plaintiff's duties included visiting clients in foster homes supervised by WCA. (Def.'s Mem., Ex. A, p. 15). In approximately 1992 or 1993, plaintiff became the supervisor of the foster care unit at WCA. (Def.'s Mem., Ex. A, pp. 17–19).

In January of 1994, plaintiff was demoted from her supervisor position and reassigned to the position of senior social worker, but her salary was not affected by this demotion. (Def.'s Mem., Ex. A, p. 20). WCA informed plaintiff that her demotion was the result of a reorganization of its personnel structure. (Def.'s Mem., Ex. A, p. 24). In fact, plaintiff admits that other WCA employees were also reassigned. (Def.'s Mem., Ex. A, p. 25).

When plaintiff was demoted, Ann Thorpe, who is younger than plaintiff, was the supervisor of the respite unit at WCA. (Def.'s Mem., Ex. A, p. 30; Pl.'s Compl.). Ms. Thorpe was not demoted, but instead was permitted to remain in a supervisory capacity, and in fact, assumed the supervisor position vacated by plaintiff. (Def.'s Mem., p. 2). In turn, plaintiff unsuccessfully requested that she be assigned to the position made available by Ms. Thorpe's reassignment. (Def.'s Mem., Ex. A, p. 30). Plaintiff continued to work at WCA as a senior social worker until she resigned on March 20, 1996. (Def.'s Mem., Ex. A, p. 9).

Plaintiff's theory of the case is that WCA's decision to remove her from her

supervisor position in January of 1994 was based upon her age, in violation of the Age Discrimination in Employment Act (ADEA). Plaintiff succinctly contends that "Ann Thorpe was treated differently in the 'reorganization' of Women Christian Alliance because she is younger than [plaintiff]." (Pl.'s Compl.).

Defendant responds that plaintiff was reassigned to the position of senior social worker as part of a universally applied personnel reorganization, and not because of her age. This reorganization, WCA contends, forms the legitimate, non-discriminatory basis for its decision to demote plaintiff. Defendant further contends that plaintiff has offered no evidence to show that this reason is pretextual.

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party can "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court must accept the non-movant's version of the facts as true, and resolve conflicts in the non-movant's favor. *See Big Apple BMW, Inc. v. BMW of N. Amer., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993).

The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant has done so, however, the non-moving party cannot rest on its pleadings. *See* Fed.R.Civ.P. 56(e). Rather, the non-movant must then "make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by depositions and admissions on file." *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir.1992); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. ANALYSIS

### A. *ADEA Age Discrimination Claim*

Defendant argues that it is entitled to judgment on plaintiff's age discrimination claim brought under the ADEA because no genuine issue of material fact exists as to whether its legitimate, non-discriminatory reason for reassigning plaintiff is a pretext for age discrimination.[1]

#### 1. *Burden shifting evidentiary framework*

■ Under the ADEA, a plaintiff who relies upon indirect or circumstantial evidence enjoys the benefit of the *McDonnell Douglas* rebuttable presumption burden shifting mode of analysis applied in Title VII cases. First, the plaintiff must establish a prima facie case of age discrimination by proving that (1) he was over forty years of age at the relevant time; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) he was replaced by a sufficiently younger person to permit an inference of age discrimination.[2] *Ryder v.*

---

1. The court recognizes that defendant's motion is uncontested. *See* Local R. Civ. P. 7.1. This fact alone, however, does not warrant judgment in favor of defendant. Rather, in order to prevail at the summary judgment stage of these proceedings, defendant, as the moving party, must establish that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). As this case is proceeding *pro se*, it is left up to the court to conduct the requisite legal analysis of whether defendant is entitled to judgment under applicable law.

2. It is clear that a plaintiff bringing an ADEA claim need not show that he was replaced by, or that the employer retained, individuals outside of the protected class to satisfy the final element of the prima facie case. The plaintiff must only introduce evidence sufficient to create an inference of age discrimination. *See*

*Westinghouse Elec. Corp.,* 128 F.3d 128, 136 (3d Cir.1997), *cert. denied,* 522 U.S. 1116, 118 S.Ct. 1052, 140 L.Ed.2d 115 (1998) (*citing Brewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 330 (3d Cir. 1995)). The establishment of a prima facie case creates a presumption that the employer unlawfully discriminated against the employee. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

Once the plaintiff establishes a prima facie case, the defendant must state a legitimate, non-discriminatory reason for the adverse employment action. *Ryder,* 128 F.3d at 136 (citations omitted). "If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case." *Burdine,* 101 S.Ct. at 1094. In other words, once the plaintiff has met its initial burden, the employer must state the reason for the adverse action or suffer the entry of judgment against it. If the defendant states a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff must then meet its burden of persuasion by proving that the defendant's proffered reasons are not the "true reasons" for its decision, but instead are merely a pretext for age discrimination. *Ryder,* 128 F.3d at 136 (citations omitted). The plaintiff can do so by "demonstrat[ing] such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence.'" *Fuentes v. Perskie,* 32 F.3d 759, 765 (3d Cir.1994). "The ultimate burden of persuading the trier of fact that the

defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine,* 101 S.Ct. at 1093.

### a. Plaintiff's prima facie case

For purposes of this motion, defendant does not challenge plaintiff's prima facie case.[3] Thus, the issue is whether defendant has met its burden of production by articulating a legitimate, non-discriminatory reason for its action.

### b. Defendant's legitimate, non-discriminatory *reason*

The defendant's burden of articulating a legitimate, non-discriminatory reason for its action under the *McDonnell Douglas* mode of analysis is a relatively light one. *Fuentes,* 32 F.3d at 763. The defendant need only "articulate[ ] any legitimate reason for the [adverse employment action]; the defendant need not prove that the articulated reason actually motivated the [action]." *Krouse v. American Sterilizer Co.,* 126 F.3d 494, 500–01 (3d Cir.1997) (applying burden shifting analysis to ADA claim). The reason stated by the employer must be "clear and reasonably specific." *Burdine,* 101 S.Ct. at 1096. As the Supreme Court explained:

Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. The sufficiency of the defendant's evidence should be

*O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 116 S.Ct. 1307, 1309–10, 134 L.Ed.2d 433 (1996); *Showalter v. University of Pittsburgh Medical Center,* 190 F.3d 231, 235 (3d Cir.1999).

**3.** Defendant does not attack plaintiff's prima facie case, rather, WCA asserts that plaintiff is unable to establish a genuine issue of material

fact as to whether plaintiff was reassigned for any reason other than defendant's proffered legitimate, non-discriminatory reason. *See* Def.'s Mem., pp. 2, 6. In other words, WCA argues that plaintiff can not show that its reason for the adverse employment action is a pretext for age discrimination.

evaluated by the extent to which it fulfills these functions.

*Id.* at 1095.

■ In making the determination of whether the employer has stated a legitimate, non-discriminatory reason, the court asks two questions: (1) whether any rational factfinder could find the existence of facts constituting a prima facie case; and (2) whether the defendant has met its burden of production, i.e., has the employer "failed to introduce evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 2748, 125 L.Ed.2d 407 (1993). This determination is for the court, and it involves no assessment of credibility. *Id.*

While the Third Circuit has not specifically addressed the quantum of detail necessary to satisfy *Burdine*'s "clear and reasonably specific" requirement, it is apparent from its jurisprudence that an inquiry into the adequacy of the defendant's reason is very much a part of the *McDonnell Douglas* framework. For example, in *Showalter v. University of Pittsburgh Medical Center,* 190 F.3d 231 (3d Cir. 1999), the defendant employer terminated the plaintiff as part of a reduction-in-force plan, claiming the reduction-in-force resulted from budgetary constraints. *Showalter,* 190 F.3d at 236. In *Kelly v. Drexel University,* 94 F.3d 102 (3d Cir.1996), the defendant asserted that it eliminated the plaintiff's position because of a university-wide effort to cut spending and a related budget decrease. *Kelly,* 94 F.3d at 104. In *Torre v. Casio, Inc.,* 42 F.3d 825 (3d Cir.1994), the defendant employer alleged that it transferred the plaintiff as part of a reduction-in-force program because the plaintiff had a propensity for creating problems for the employer's management. *Torre,* 42 F.3d at 832. In *Armbruster v. Unisys Corp.,* 32 F.3d 768 (3d Cir.1994),[4] the defendant argued that an unexpected lack of work forced the plaintiffs' termination. *Armbruster,* 32 F.3d at 772. Finally, in *Logue v. International Rehabilitation Assoc., Inc.,* 837 F.2d 150 (3d Cir. 1988), the defendant claimed that it reorganized its personnel structure in order to increase its efficiency. *Logue,* 837 F.2d at 153. In each one of these cases, whether the reorganization was necessary or beneficial to the employer because of financial conditions, or to increase efficiency, or because of plaintiff's own insubordinate conduct or deficient performance, the court recognized that the employer had identified the specific rationale for its actions and had explained its reasoning in sufficient detail to permit the plaintiff-employee to legally impeach the defendant-employer's rationale for the adverse action. In other words, in each case, the Third Circuit identified and implicitly found that the defendant-employer's reasons were presented with sufficient clarity and detail to afford the plaintiff-employee a fair opportunity to pierce the proffered reasons with facts of record.

In this case, defendant contends that it reassigned plaintiff simply because of "a desire to reorganize and restructure its personnel." (Def.'s Mem., p. 6). Defendant offers no details or explanation concerning the need or rationale for the reorganization, details of its implementation, or its effect on other employees. This absence of a "clear and reasonably specific" reason thus precludes plaintiff from pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons" which render them "unworthy of credence." *Fuentes,* 32 F.3d at 765; *Burdine,* 101 S.Ct. at 1095.

■ The court concludes that, in this case, WCA's statement of its reason that plaintiff was reassigned as a result of a "universally applied personnel reorganization" that arose from a desire to "reorga-

---

4. *Armbruster*'s position on the elements of an ADEA prima facie case has been abrogated, but its pretext analysis remains valid. *Showalter,* 190 F.3d at 235.

nize and restructure its personnel" is not sufficiently clear and reasonably specific to allow plaintiff, at the summary judgment stage, a full and fair opportunity to show pretext.

## IV. CONCLUSION

Because defendant has failed to establish that it is entitled to judgment on plaintiff's age discrimination claim, defendant's motion for summary judgment will be denied.

An appropriate order follows.

### *ORDER*

**AND NOW,** this **29th** day of **November, 1999,** it is hereby **ORDERED** that defendant Women Christian Alliance's Motion For Summary Judgment Pursuant to Fed. R.Civ.P. 56(c) (doc. no. 11) is **DENIED.**

It is **FURTHER ORDERED** that the Clerk shall **REFER** the matter to the Civil Rights Employment Panel for the possible appointment of counsel.

**AND IT IS SO ORDERED.**